IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD K. ROGERS | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17cv118-HSO-JCG |
| | § | |
| MEDLINE INDUSTRIES, INC., AND | § | |
| JOHN DOES 1-5 | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [53] FOR DEFAULT JUDGMENT, [OR] ALTERNATIVELY, FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION [62] TO STRIKE SECOND DECLARATION OF KATIE HALBERG**

BEFORE THE COURT are Plaintiff's Motion [53] for Default Judgment, [or] Alternatively, for Sanctions, and Plaintiff's Motion [62] to Strike Second Declaration of Katie Halberg. For the reasons that follow, the Court finds that both Motions should be denied.

I. BACKGROUND

This is an employment discrimination case arising out of Plaintiff Richard K. Rogers' ("Rogers" or "Plaintiff") employment with Medline Industries, Inc. ("Medline" or "Defendant"). Medline employed Rogers as a salesperson from 2002 until he was terminated in 2016. Compl. [1] at 2. On or about January 28, 2017, Plaintiff filed a Charge of Discrimination [1-1] with the Equal Employment Opportunity Commission ("EEOC") alleging that Medline discriminated against

1

him on the basis of his age when it terminated him.  On January 30, 2018, the EEOC provided Rogers with a Notice of Right to Sue [1-2], and Rogers timely filed suit against Medline and John Does 1-10.  Compl. [1] at 1.  The Complaint [1] alleges that Medline unlawfully terminated Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623.  *Id.* at 4.

During discovery, Plaintiff deposed Mark Gallarelli, Medline's Senior Vice President for Sales for the Southeast Region, and on July 15, 2018, Plaintiff filed the present Motion [52] for Default Judgment, [or] Alternatively, for Sanctions. Pl.'s Mot. [52].  Plaintiff claims that Gallarelli committed perjury during his deposition, and that Plaintiff is entitled to sanctions as a result.  Pl.'s Mem. [54] at 2-3.

Specifically, Plaintiff claims that Gallarelli "denied that he had ever been involved in" an incident which Plaintiff contends occurred in 2015.  *Id.*  Gallarelli was asked at his deposition whether he had used a Medline product, a saline syringe, "in an inappropriate and sexually suggestive manner towards a female sales representative" at a meeting in 2015, in violation of Medline's code of conduct. *Id.* at 3-4.  Gallarelli denied being involved in such an incident because he could not recall it occurring.  Ex. "B" [53-2] at 30 ("I would say no.  I don't recall that."). Rogers asserts that the deposition testimony of J. Hunter Russum, a current Medline employee who works under Gallarelli's supervision, directly contradicts Gallarelli's denials, *id.* at 5, as Russum stated during his deposition that he did recall the alleged incident, Ex. "D" [53-4] at 15-16.  Plaintiff argues that because

2

Gallarelli's testimony during his deposition was perjurious, the Court should sanction Medline under Federal Rule of Civil Procedure 37 or under its inherent authority by entering a default judgment against Medline.[1]  Pl.'s Mem. [54] at 6-7.

On July 30, 2018, Medline filed a Response [60] in Opposition to Plaintiff's Motion.  Defendant contends that Gallarelli's statements were not perjurious because Gallarelli stated that he could not recall the incident, Def.'s Resp. [60] at 3-4, and that the deposition during which Rogers claims Gallarelli perjured himself was taken in his individual capacity as a fact witness,[2] *id.* at 5.

Defendant also claims that even if the 2015 incident occurred, it is not relevant or material to the issues in Plaintiff's case, and that Plaintiff's Motion [53] is untimely under the Local Rules.  *Id.* at 6.  Further, Medline contends that because Rule 37(b) only applies when a party "fails to obey an order to provide or permit discovery," and no order was violated, Rule 37 is inapplicable.  *Id.* at 8-9.  Finally, Medline asserts that the Court should not exercise its inherent power to impose sanctions because the requisite bad faith, judged by necessarily stringent standards, is not present.  *Id.* at 10-12.

In his Reply [63] [64],[3] Rogers maintains that he has established the falsity of Gallarelli's testimony through the deposition testimony of another Medline

---

[1] Rogers maintains that because Gallarelli was deposed as a corporate designee, as a Rule 30(b)(6) designee, and as a senior manager, sanctions are appropriate against Medline under Rule 37.  Pl.'s Mem. [54] at 6-7.  Alternatively, Rogers asks the Court to sanction Medline under its inherent power.  *Id.* at 7.

[2] Defendant argues that it only designated Gallarelli as a corporate representative to testify to sales goals, incentive quotas, and commissions.  Def.'s Resp. [60] at 5 (citing Ex. "C" [53-3] at 5-6; Notice to take Dep. [31]).

[3] Rogers filed two identical replies, one filed as a Rebuttal [63] and a second filed as a Reply [64].

3

employee and that Gallarelli's testimony is relevant to Rogers' claim. Pl.'s Reply [64] at 4-5.

Plaintiff has also filed a Motion [62] to Strike [the] Second Declaration of Katie Halberg, which was attached as an exhibit to Medline's Response [60]. Mot. [62] to Strike. Rogers argues that portions of Halberg's "hearsay-filled Declaration should be stricken." *Id.* at 3. Medline has responded that the statements at issue in this Declaration are not hearsay because they reflect actions taken by Halberg in an investigation she conducted and they are not submitted for the truth of the matters asserted. Def.'s Resp. [71] at 5-7.

## II. DISCUSSION

A. Plaintiff's Motion [53] for Default Judgment, [or] Alternatively, for Sanctions

1. The Court's power to sanction a party

A court may impose sanctions, including dismissing claims or rendering a default judgment, against a party who fails to obey discovery orders. Fed. R. Civ. P. 37(b)(2)(A). Federal Rule of Civil Procedure 37 provides that:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.

Fed. R. Civ. P. 37. Rule 37 also provides for a court to order the payment of reasonable attorney fees, unless the failure to obey orders was substantially justified or the imposition of fees would be unjust. *Id.*

"When parties or their attorneys engage in bad faith conduct, a court should ordinarily rely on the Federal Rules as the basis for sanctions." *Natural Gas*

4

*Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993). However, the Court also has the inherent authority to impose reasonable and appropriate sanctions for bad faith conduct or willful abuse of the judicial process where the Rules do not provide an adequate remedy. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 888 n.10 (5th Cir. 1968).

"Bad faith and willful abuse have been found when a party or its counsel maintains patently unreasonable litigation positions or engages in contumacious behavior that deliberately subverts a court's administration of a case." *United States Dist. Court S. Dist. of Texas Victoria Div. Sarco Creek Ranch v. Greeson*, 167 F. Supp. 3d 835, 845 (S.D. Tex. 2016) (citing *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76-80 (5th Cir. 2011)). The Court's power to impose sanctions under its inherent power is "even more limited" than under Rule 37, and bad faith is judged by necessarily stringent standards. *Pressey v. Patterson*, 898 F.2d 1018, 1921 (5th Cir. 1990). Under either standard, the Fifth Circuit requires the imposition of "the least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.,* 177 F.3d 894, 899 (5th Cir. 1997); *see Brown*, 664 F.3d at 77.

    2.   <u>Analysis</u>

The conduct at issue in this case does not clearly fall within the ambit of Rule 37, or of any other Rule. To the extent the Court could impose any sanction under its inherent power, a showing of bad faith or willful misconduct would be required.

5

The Fifth Circuit has held that perjury is a "serious offense that constitutes a severe affront to the courts and thwarts the administration of justice." *Brown*, 664 F.3d at 80. However, for the Court to impose sanctions, it must first find that Gallarelli committed perjury. Perjury is defined as the "willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). "Perjury is not established by mere contradictory testimony from witnesses or inconsistencies in a witness's testimony." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 648 (S.D. Tex. 2010) (citing *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) ("[C]ontradictory trial testimony, however, merely establishes a credibility question for the jury.")).

Rogers relies heavily upon the Fifth Circuit's decision in *Brown v. Oil States Skaget Smatco*, which affirmed the district court's imposition of the sanction of dismissal. *See* Pl.'s Mem. [54] at 7-9. In *Brown*, the district court dismissed the plaintiff's suit where he provided definitively conflicting testimony under oath in two pending court matters. 664 F.3d at 77-78. Unlike the plaintiff in *Brown*, there is no evidence Gallarelli testified elsewhere under oath that the 2015 incident did in fact occur, or that he otherwise recalled the incident but willfully provided false testimony. Gallarelli's conduct does not rise to the level of perjury or of contumacious conduct and instead raises a credibility question for the jury's consideration. Further, unlike the plaintiff in *Brown*, Medline would be prejudiced if default judgment were entered against it. *Id.* at 77.

To the extent Gallarelli's statements under oath contradict those of another employee at Medline, Hunter Russum, this creates a question of fact appropriate for resolution by the fact finder at trial.[4] It is not the function of the Court in circumstances such as this to determine the credibility of witnesses. Nor has Rogers produced or pointed to any evidence that Gallarelli did in fact recall the incident.

Plaintiff has not met his burden of establishing that Defendant acted in bad faith. Thus, the Court declines to resolve this dispute by imposing the drastic sanction of a default judgment, or any other lesser sanction, either under Rule 37 or under its own inherent authority. Rogers' Motion [53] for Default Judgment, [or] Alternatively, for Sanctions, should be denied.

B. <u>Plaintiff's Motion [62] to Strike Second Declaration of Katie Halberg</u>

The Court resolved Plaintiff's Motion [53] for Default Judgment without consideration of Katie Halberg's Second Declaration [60-1]. As such, Plaintiff's Motion [62] to Strike is moot and should be denied.

### III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion [53] for Default Judgment, [or] Alternatively, for Sanctions is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion [62] to Strike Second Declaration of Katie Halberg is **DENIED** as moot.

---

[4] The Court does not decide at this time whether the evidence of the 2015 incident would be admissible at the summary judgment stage or at trial.

**SO ORDERED AND ADJUDGED**, this the 19th day of December, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE