IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD K. ROGERS** | § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 1:17cv118-HSO-RHW** |
| **MEDLINE INDUSTRIES, INC., AND JOHN DOES 1-5** | § § § § | **DEFENDANTS** |

## ORDER DENYING PLAINTIFF'S MOTION [66] TO STRIKE DECLARATION OF KATIE HALBERG, PLAINTIFF'S MOTION [67] TO STRIKE DECLARATION OF ANDREW BRIGGS, AND PLAINTIFF'S MOTION [68] TO STRIKE DECLARATION OF MARK GALLARELLI

BEFORE THE COURT are three Motions: (1) Plaintiff's Motion [66] to Strike Declaration of Katie Halberg; (2) Plaintiff's Motion [67] to Strike Declaration of Andrew Briggs; and (3) Plaintiff's Motion [68] to Strike Declaration of Mark Gallarelli. The Court finds that these Motions should be denied.

### I. BACKGROUND

This is an employment discrimination case arising out of Plaintiff Richard K. Rogers' ("Rogers" or "Plaintiff") employment with Medline Industries, Inc. ("Medline" or "Defendant"). Medline employed Rogers as a salesperson from 2002 until he was terminated in 2016. Compl. [1] at 2. On or about January 28, 2017, Plaintiff filed a Charge of Discrimination [1-1] with the Equal Employment Opportunity Commission ("EEOC") alleging that Medline discriminated against

1

him on the basis of his age when it terminated him. On January 30, 2018, the EEOC provided Rogers with a Notice of Right to Sue [1-2], and Rogers timely filed suit against Medline Industries, Inc. and John Does 1-10, Compl. [1] at 1. The Complaint [1] alleges that Medline unlawfully terminated Rogers because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. *Id.* at 4.

On July 16, 2018, Defendant filed a Motion [55] for Summary Judgment and submitted three Declarations as exhibits in support: (1) Exhibit "A" [55-1], Dec. of Katie Halberg; (2) Exhibit "C" [55-3], Dec. of Andrew Briggs; and (3) Exhibit "E" [55-5], Dec. of Mark Gallarelli. Subsequently, on August 17, 2018, Plaintiff filed three separate, two-page Motions [66] [67] [68],[1] seeking to strike portions of each Declaration [55-1] [55-3] [55-5]. Plaintiff argues that these portions amount to inadmissible hearsay or legal conclusions which are not competent summary judgment evidence. Pl.'s Mot. [66] Strike at 1; Pl.'s Mot. [67] Strike at 1; Pl.'s Mot. [68] Strike at 1.

Medline filed Responses [77] [76] [75] on August 31, 2018, arguing that the statements Plaintiff seeks to strike are not hearsay because they are not offered to prove the truth of the matters asserted and they otherwise fall within an exception to the hearsay rule. Def.'s Resp. [77] at 3-4; Def.'s Resp. [76] at 3-4; Def.'s Resp. [75] at 3-4. Plaintiff filed Replies [80] [81] [79], on September 7, 2018, arguing that because the statements he wishes to strike were made without personal knowledge

---

[1] Rogers did not file any memoranda of law in support of his Motions.

2

and contain hearsay, they are not competent summary judgment evidence. Pl.'s Reply [80] at 2-3; Pl.'s Reply [81] at 2-3; Pl.'s Reply [79] at 2-3.

## II. DISCUSSION

Although Rogers does not state the basis for his Motions [66] [67] [68] to Strike, Federal Rule of Civil Procedure 12(f) provides for striking pleadings. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] Fed. R. Civ. P. 12(f).

To the extent Plaintiff may be relying on Rule 12(f) as the basis for his challenge, Rule 12(f) is not the proper method for attacking the evidence Medline offers in support of its Motion [55] for Summary Judgment.[3] Rather, Rule 56 supplies the proper vehicle for challenging the sufficiency of this evidence. Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56. Even considering Plaintiff's Motions [66] [67] [68] to Strike as objections pursuant to Rule 56,[4] they should be denied.

---

[2] A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

[3] *See* Fed. R. Civ. P. 12(f); *Full House Resorts, Inc. v. Boggs & Poole Contracting Grp., Inc.*, No. 1:14CV223-KS-MTP, 2015 WL 1427284, at *4 (S.D. Miss. Mar. 27, 2015) ("Federal Rule of Civil Procedure 12(f) fails to authorize the Plaintiffs' requested relief."); *see also Cutting Underwater Techs., Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (noting that while prior to 2010, the proper method for objecting to the admissibility of summary judgment evidence was a motion to strike, under the current rules that is no longer the case); 35A C.J.S. Federal Civil Procedure § 472 ("The proper method for challenging the admissibility of the evidence in an affidavit is to file a notice of an objection to the challenged testimony and not a motion to strike.").

[4] *See Full House Resorts, Inc.*, 2015 WL 1427284, at *4 ("The Motion to Strike [17] will be denied without prejudice to the Plaintiffs' ability to object to the admissibility of the Position Paper in future proceedings before the Court."); *Xavier v. Belfor USA Grp., Inc.*, No. CIV.A.06-491, 2008 WL

3

Rogers argues that the challenged portions of the Declarations should be stricken because they contain inadmissible hearsay statements upon which the Court cannot rely in resolving Defendant's Motion [55] for Summary Judgment. However, at the summary judgment stage, evidence relied upon need not be presented in admissible form, but instead must be "capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)). Medline demonstrates in its Responses [77] [76] [75] that the statements at issue in the Declarations are in fact capable of being presented in an admissible form as evidence at trial, *see id.*, and Rogers has not disputed that the material can be presented in such a form,[5] *see* Fed. R. Civ. P. 56(c)(2); Pl.'s Reply [80] at 2-3; Pl.'s Reply [81] at 2-3; Pl.'s Reply [79] at 2-3.

To the extent any of the statements to which Rogers objects are not based on personal knowledge, are hearsay, and cannot be presented in a form admissible in evidence, the Court will not consider them, or any other evidence that is plainly inadmissible, in resolving Defendant's Motion [55] for Summary Judgment.

---

4862533, at *2 (E.D. La. Sept. 23, 2008) ("[T]here is [substantial] authority providing that in a circumstance such as this, a court should treat the motion as a notice of objection to the challenged affidavits."); *see also Cutting Underwater Techs.*, 671 F.3d at 515 (considering a plaintiff's improperly filed motion to strike as an objection); 35A C.J.S. Federal Civil Procedure § 472 ("[A]lthough affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency.").
[5] In fact, Rogers spends the majority of his Replies [80] [79] [81] explaining and reiterating to the Court how Medline could present admissible evidence. Pl.'s Reply [80]; Pl.'s Reply [79]; Pl.'s Reply [81]. Though Rogers asserts that the "Declarations do not add anything to the documents" and that they are an attempt to "bolster and give credence to documents through repetition," the Court is capable of ferreting out such repetition and ensuring that this does not prejudice Plaintiff. Pl.'s Reply [80] at 3; Pl.'s Reply [79] at 3; Pl.'s Reply [81] at 3. Rogers does not argue that Medline cannot produce admissible evidence.

Nevertheless, the Court concludes that Plaintiff's Motions [66] [67] [68] should be denied.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion [66] to Strike Declaration of Katie Halberg is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion [67] to Strike Declaration of Andrew Briggs is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion [68] to Strike Declaration of Mark Gallarelli is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 21st day of December, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE