IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD K. ROGERS | § | PLAINTIFF |
| | § | |
| v. | § Civil No. 1:17cv118-HSO-RHW | |
| | § | |
| MEDLINE INDUSTRIES, INC., AND JOHN DOES 1-5 | § | DEFENDANTS |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION [97] IN LIMINE TO EXCLUDE OPINION TESTIMONY FROM EMPLOYEES AND FORMER EMPLOYEES WHO DID NOT MANAGE PLAINTIFF RICHARD K. ROGERS AT THE TIME OF HIS TERMINATION; GRANTING DEFENDANT'S MOTION [99] IN LIMINE TO EXCLUDE EVIDENCE OF UNRELATED ALLEGATIONS OF ALLEGED INTERACTION BETWEEN A MANAGER AND FEMALE MEDLINE EMPLOYEE; GRANTING DEFENDANT'S MOTION [101] IN LIMINE TO EXCLUDE REFERENCE SUGGESTING PLAINTIFF FACES A "DAVID AND GOLIATH" SITUATION; AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION [103] IN LIMINE TO EXCLUDE BROAD ALLEGATIONS OF AGE DISCRIMINATION BY MEDLINE AND EVIDENCE OF OTHER CLAIMS OR LITIGATION AGAINST MEDLINE**

BEFORE THE COURT are four Motions [97] [99] [101] [103] in Limine filed by Defendant Medline Industries, Inc. Upon review of the record, and being fully advised in the premises, the Court finds as follows: (1) Defendant Medline Industries, Inc.'s Motion [97] in Limine to Exclude Opinion Testimony from

Employees and Former Employees Who Did Not Manage Plaintiff Richard K. Rogers at the Time of his Termination should be granted in part denied in part; (2) Medline Industries, Inc.'s Motion [99] in Limine to Exclude Evidence of Unrelated Allegations of Alleged Interaction between a Manager and Female Medline Employee should be granted; (3) Medline Industries, Inc.'s Motion [101] in Limine to Exclude Reference Suggesting Plaintiff Faces a "David and Goliath" Situation should be granted; and (4) Medline Industries, Inc.'s Motion [103] in Limine to Exclude Broad Allegations of Age Discrimination by Medline and Evidence of Other Claims or Litigation against Medline should be denied without prejudice, with leave to reassert objections to specific questions at trial.

I. BACKGROUND

This is an employment discrimination case arising out of Plaintiff Richard K. Rogers' ("Rogers" or "Plaintiff") employment with Defendant Medline Industries, Inc. ("Medline" or "Defendant"). Medline employed Rogers as a salesperson from 2002 until he was terminated in 2016. Compl. [1] at 2. On or about January 28, 2017, Plaintiff filed a Charge of Discrimination [1-1] with the Equal Employment Opportunity Commission ("EEOC") alleging that Medline discriminated against him on the basis of his age when it terminated him. On January 30, 2018, the EEOC provided Rogers with a Notice of Right to Sue [1-2], and Rogers timely filed suit against Medline Industries, Inc. and John Does 1-10. Compl. [1] at 1. Rogers brought the present action alleging that Medline unlawfully terminated him because of his age in violation of the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 623.   *Id.* at 4.

Medline filed five Motions [97] [99] [101] [103] [105] in Limine in advance of trial: (1) a Motion [97] in Limine to Exclude Opinion Testimony from Employees and Former Employees Who Did Not Manage Rogers at the Time of his Termination; (2) a Motion [99] in Limine to Exclude Evidence of Unrelated Allegations of Alleged Interaction between a Manager and Female Medline Employee; (3) a Motion [101] in Limine to Exclude Reference Suggesting Plaintiff Faces a "David and Goliath" Situation; (4) a Motion [103] in Limine to Exclude Broad Allegations of Age Discrimination by Medline and Evidence of Other Claims or Litigation against Medline; and (5) a Motion [105] in Limine to Exclude Insurance.   Rogers responded to each Motion. Pl.'s Resps. [108] [110] [114] [112] [107].

The Court previously granted as unopposed Medline's Motion [105] in Limine to Exclude Insurance, and prohibited Rogers from testifying about, or introducing any facts and/or other evidence of, or making any reference to, insurance coverage of Medline.   Text Only Order, Jan. 23, 2019.   The Court will address the remaining four Motions [97] [99] [101] [103] in turn.

## II.   DISCUSSION

A.   <u>Medline's Motion [97] in Limine to Exclude Opinion Testimony from Employees and Former Employees Who Did Not Manage Rogers at the Time of his Termination should be granted in part and denied in part.</u>

Medline seeks to exclude: (1) opinion testimony regarding Rogers' past performance; and (2) any testimony that speculates why Medline terminated

3

Rogers. First, Medline asserts that the Court should prohibit Rogers from offering his own opinion testimony, or that of current or former Medline employees who did not supervise him at the time of his termination, regarding his job performance. Def.'s Mot. [97]. Medline argues that this testimony is inadmissible because it is irrelevant. Rogers responds that his own testimony and the testimony of his former supervisors from Medline is relevant because it establishes that he was qualified for the position and that Medline's reasons for his termination were pretextual. Pl.'s Resp. [108]; Pl.'s Resp. Mem. [109].

In support of its Motion [97], Medline cites a Northern District of Mississippi case in which the opinion testimony of a plaintiff's co-workers was excluded.[1] Def.'s Mem. in Support [98]. In *Harkness v. Bauhaus U.S.A., Inc.*, the defendant claimed that it terminated plaintiff for "a series of write-ups related to specific incidents and for [his] response to those write-ups." 2015 WL 631512, at *5 (N.D. Miss. Feb. 13, 2015). The court reasoned that because the co-workers' opinions regarding his "performance and attitude [had] no bearing on whether [the plaintiff] committed the specific infractions underlying" the defendant's legitimate, nondiscriminatory reason for the plaintiff's termination, their exclusion was

---

[1] The Court notes that a Fourth Circuit case Medline cites to show that "[t]he law is very clear in a discrimination case, a terminated employee's 'perception of himself . . . is not relevant,'" is inapposite. Def.'s Mem. in Support [98] at 3 (citing *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)). In *Smith v. Flax*, the Fourth Circuit only discredited the plaintiff's testimony of his performance and the testimony of others who worked with him because it related to his ability to perform a different kind of work that the employer no longer required, rather than the work that the employer fired him for performing poorly. *See Smith*, 618 F.2d at 1067. Here, Rogers wishes to introduce testimony regarding his performance in his job as a salesman, and for which he was terminated.

4

appropriate under the circumstances of the case. *Id.*

Here, unlike the employer's legitimate, nondiscriminatory reason for the plaintiff's termination in *Harkness*, Medline claims that it terminated Rogers because of a failure to meet the benchmarks in a corrective action plan implemented by Rogers' supervisors after he consistently did not meet sales goals and Medline received customer complaints. Def.'s Mem. in Support of Summ. J. [56] at 17-18; *see id.*; Briggs Dep. [55-5]; Gallarelli Dep. [55-4]. Medline has previously cited evidence of Rogers' negative work performance while he was managed by his former supervisors, Trey Smith and Mark Taylor. *See* Def.'s Mem. in Support of Summ. J. [56] (citing Gallarelli's and Briggs' review of Rogers' performance and sales numbers the year prior to Gallarelli's and Briggs' management of Rogers). In short, Medline has placed Rogers' performance over a period of time at issue in this case.

Rogers states that he now wishes to introduce evidence of his past performance to prove that he was qualified for the position and that Medline's reasons for termination are false and therefore pretextual. Pl.'s Resp. Mem. [109] at 1-3. Because evidence of positive performance is relevant for these purposes, and because the Court cannot say that its probative value is outweighed by any substantial danger of undue prejudice, the Court will deny this portion of Medline's Motion [99]. *See* Fed. R. Evid. 401-03; *Normand v. Research Inst. Of Am., Inc.*, 927 F.2d 857, 859-60, 864-65 (5th Cir. 1991) (considering evidence of service prior to employee's constructive discharge for poor sales performance and reversing the

5

district court's judgment notwithstanding the verdict and reinstating the jury's verdict).

Second, Medline argues that speculation from Smith and Taylor, or any other former or current Medline employee, as to why Medline terminated Rogers constitutes inadmissible hearsay. Def.'s Mem. in Support [98] at 3; Fed. R. Evid. 401-02, 801-02. Rogers does not address this portion of Medline's Motion [97] and does not indicate whether he intends to offer any such testimony. *See* Pl.'s Resp. Mem. [109]. The Court agrees that this kind of testimony from current or former Medline employees who were not involved in Rogers' termination would amount to speculation and is therefore not relevant and would not be helpful to the jury. *See* Fed. R. Evid. 401-02, 801-02. To the extent Rogers seeks to introduce testimony from witnesses, who were not involved in the termination decision, as to the reasons for Rogers' termination, the Court will grant Medline's Motion [99]. Such testimony will not be permitted at trial.

B. <u>Medline's Motion [99] in Limine to Exclude Evidence of Unrelated Allegations of Alleged Interaction between a Manager and Female Medline Employee should be granted.</u>

Medline seeks exclusion of any evidence regarding an interaction that allegedly occurred between Mark Gallarelli, Medline's Senior Vice President of Sales for the Southeast, and a female employee at a meeting sometime in 2015. Def.'s Mot. [99]; Def.'s Mem. in Support [100] at 1; Def.'s Mem. in Support [56] at 4-5. Rogers claims that Gallarelli pointed and squirted a saline syringe "in an inappropriate and sexually suggestive manner towards a female sales

6

representative," in violation of Medline's code of conduct. Pl.'s Mot. for Default J. [54] at 3-4; Pl.'s Mem. in Resp. to Def.'s Mot. for Summ. J. [70] at 7-8. Medline contends that the incident is irrelevant, that any probative value is substantially outweighed by the dangers of undue prejudice, confusion, and delay, and that if such evidence were introduced, it would force Medline to litigate a trial-within-a-trial. Def.'s Mem. in Support [100] at 3-5. Rogers responds that because this behavior violated Medline's code of conduct, which Gallarelli has maintained he never violated, it is relevant to impeach and undermine Gallarelli's credibility. Pl.'s Resp. Mem. [111].

The Court is not persuaded by Rogers' argument. The Court has confronted this issue once before in its Order [93] Denying Default Judgment, and concluded that it is disputed whether the incident occurred. Even assuming it did occur, the incident has little probative value to Rogers' case as it is not related to age discrimination and did not take place close in time to Rogers' termination. While the evidence may have some limited probative value in terms of attacking Gallarelli's credibility, because the parties dispute it occurred, this would necessitate that the Court conduct a mini-trial to resolve the dispute. Moreover, Rogers does not have a right to impeach a witness with collateral matters, particularly where it would confuse the jury and result in substantial prejudice to the opposing party. *See Jones v. S. Pacific R.R.*, 962 F.2d 447, 449-50 (5th Cir. 1992). Because the incident's probative value is substantially outweighed by the dangers of undue prejudice, confusing the issues, and misleading the jury, the Court will grant Defendant's

7

Motion [99], and prohibit Plaintiff from presenting evidence of the 2015 incident involving Gallarelli.

C. <u>Medline's Motion [101] in Limine to Exclude Reference Suggesting Plaintiff Faces a "David and Goliath" Situation should be granted.</u>

Medline argues that Rogers should be prohibited from making any reference to or alluding to any inference of a "David and Goliath" situation because any such evidence is irrelevant, and any probative value would be outweighed by its prejudicial effect. Def.'s Mot. [101]; Def.'s Mem. in Support [102]. Medline wishes to exclude:

> direct or indirect references to Medline's ability to pay a judgment, the clothes or jewelry worn by counsel and staff, the nature or number of trial exhibits, demonstrative exhibits, and other evidence, witness fees, hotel accommodations, or to any other matter promoting an inference that this is a "David and Goliath" situation.

Def.'s Mot. [101] at 1. Rogers responds that he does not intend to suggest that he should would win his case because "Medline is big and he is small;" however, he objects to the broad exclusion of the type of evidence the court refused to prohibit in *Hensley v. Bulk Transp.*, 2014 WL 2515201, at * 6-7 (S.D. Miss. June 4, 2014). Pl.'s Resp. [114] at 1.

In *Hensley*, the court granted a defendant corporation's motion in limine to exclude arguments to the jury that would reference the corporation's size or wealth, but refused to grant in advance the "general request for the exclusion of facts or arguments meant to inflame the jury." 2014 WL 2515201, at *6-7. Denying the latter request without prejudice, the court reasoned that it was "too broad and indefinite." *Id.* Here, Medline does not seek such a broad exclusion. The Court

8

cannot see how the probative value of any direct or indirect reference to the items mentioned by Medline, offered in the context that Medline is a "Goliath" and Rogers is a "David," would not be substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 401-03.

As such, Medline's Motion [101] should be granted. Rogers will be prohibited from referencing Medline's ability to pay a judgment and Medline's ability to afford certain or a certain number of attorneys, trial exhibits, demonstrative exhibits, other evidence, witness fees, or hotel accommodations. Rogers will also not be allowed to reference the ability of Medline's attorneys or employees to afford certain clothes or jewelry or to infer that this case presents a "David and Goliath" situation.

D.  <u>Medline's Motion [103] in Limine to Exclude Broad Allegations of Age Discrimination by Medline and Evidence of Other Claims or Litigation against Medline should be denied without prejudice.</u>

Medline asks the Court to exclude any statistical evidence that it has a pattern or practice of terminating older salespersons, in particular a list of employees Medline terminated in the two years prior to Rogers' termination, and to prohibit any specific allegations of discrimination against Medline employees who are not similarly situated to Rogers. Def.'s Mot. [103]; Def.'s Mem. in Support [104]. Rogers argues that Medline's Motion [103] should be denied in its entirety. Pl.'s Resp. [112].

1.  <u>Statistical evidence</u>

Medline argues that statistical evidence is irrelevant because Rogers'

9

disparate-impact claim has been dismissed, leaving only his disparate-treatment claim, and that such evidence would confuse and mislead the jury. Def.'s Mem. in Support [104] at 4. Rogers contends that statistical evidence is one type of circumstantial evidence relevant to his case. Pl.'s Resp. Mem. [113] at 2-4.

As the Court previously noted in its Order [115] Granting in Part and Denying in Part Medline's Motion [55] for Summary Judgment, "statistical evidence may be probative of pretext in limited circumstances." *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1185 (5th Cir. 1996) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 124 (5th Cir. 1992) (considering statistical evidence of the number of employees a defendant laid off who were over the age of forty in a disparate treatment claim where the employer cited reduction in force)). "The probative value of statistical evidence ultimately depends on all the surrounding facts, circumstances, and other evidence of discrimination." *Id.*

The Court has not been supplied any context for evaluating whether any statistical evidence referencing the list of employees Medline terminated in the two years prior to Rogers' termination may or may not be appropriate for consideration as circumstantial evidence. Order [115] at 19-21; *see Lay v. Singing River Health Sys.*, 694 F. App'x 248, 258 (5th Cir. 2017) (affirming dismissal of plaintiff's age discrimination claims and discrediting statistical evidence because the court was unable to determine whether a list of employees the defendant laid off was statistically significant); *Walther*, 952 F.2d at 124 ("Particularly in age discrimination cases where innumerable groupings of employees are possible

according to ages and divisions within the corporate structure, statistics are easily manipulated and may be deceptive."). For this reason, to the extent Rogers wishes to introduce statistical evidence, the Court will deny Medline's Motion [103] without prejudice and permit Medline to raise objections at trial.

2. Specific allegations of discrimination

Medline next seeks to prohibit any allegations of discrimination by other employees and specifically asks for exclusion of evidence related to claims made by former Medline employee John Kunich in a discrimination case pending in California. Def.'s Mem. in Support [104] at 5-8. Medline argues that other employees it terminated, including Kunich, are not similarly situated to Rogers and that admission of this evidence would create unnecessary mini-trials. *Id.* at 6-7. Regarding Kunich, Medline notes that he and Rogers had different supervisors, worked in different regions and territories, and had different performance histories. *Id.* at 5-8. Rogers does not present any argument that he is similarly situated to Kunich or other terminated employees, responding only that evidence of discrimination against others in his protected class is admissible and probative. Pl.'s Resp. Mem. [113] at 2-4.

The Supreme Court explained in *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008), that there should be no per se exclusion of other act evidence in disparate-treatment discrimination cases. *Id.* ("[H]ad the District Court applied a per se rule excluding [other act] evidence, the Court of Appeals would have been correct to conclude that it had abused its discretion."). Rather,

the Supreme Court held that:

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.

*Id.*

"Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07–572, 2010 WL 5174440 at *1 (W.D. La. Dec. 15, 2010) (collecting authorities). Because the Court must conduct a fact-intensive analysis to determine the admissibility of this evidence, it will deny Medline's Motion [103] without prejudice.[2] At trial, Medline may reassert its objections and the Court will address the relevance of the evidence in the context of any foundation Rogers lays. The parties are cautioned, however, not to raise this issue in the presence of the jury without first obtaining a ruling from the Court.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Medline Industries Inc.'s Motion [97] in Limine to Exclude Opinion Testimony from

---

[2] Although the Court is deferring this issue until trial, Medline's arguments indicate that evidence regarding alleged discrimination against John Kunich seems likely to be irrelevant. Rogers and Kunich, though both salespersons, were terminated by different supervisors in vastly different regions. Unlike Rogers, Kunich alleged disability and age discrimination and the two had different performance histories. Moreover, this is not a case of a reduction in force or one involving a claim of a companywide policy of discrimination. *See Mendelsohn*, 552 U.S. at 383-89.

12

Employees and Former Employees Who Did Not Manage Richard K. Rogers at the Time of his Termination is **GRANTED IN PART AND DENIED IN PART**. Rogers may introduce his own testimony and testimony from others regarding his performance while employed by Medline. Rogers may not, however, offer testimony regarding the reasons for his termination from individuals who were not involved in the decision to terminate him.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Medline Industries Inc.'s Motion [99] in Limine to Exclude Evidence of Unrelated Allegations of Alleged Interaction between a Manager and Female Medline Employee is **GRANTED**. Plaintiff will be prohibited from introducing evidence of or impeaching Mark Gallarelli with evidence of the alleged interaction between him and a female Medline employee.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Medline Industries Inc.'s Motion [101] in Limine to Exclude Reference Suggesting Plaintiff Faces a "David and Goliath" Situation is **GRANTED**. Plaintiff may not reference Medline's ability to pay a judgment; to afford certain or a certain number of attorneys; or to afford trial exhibits, demonstrative exhibits, other evidence, witness fees, or hotel accommodations. Rogers also will not be allowed to reference the ability of Medline's attorneys or employees to afford certain clothes or jewelry or to infer that this case presents a "David and Goliath" situation.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Medline Industries Inc.'s Motion [103] in Limine to Exclude Broad Allegations of Age

Discrimination by Medline and Evidence of Other Claims or Litigation against Medline is **DENIED WITHOUT PREJUDICE** to Defendant's right to reurge objections to specific questions at trial.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE